ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| WESTERN ORGANIZATION OF RESOURCE COUNCILS and FRIENDS OF THE EARTH, | ) ) ) ) |
| *Plaintiffs-Appellants,* | ) ) ) |
| v. | ) ) ) |
| SALLY JEWELL, in her capacity as Secretary of the Interior, DEPARTMENT OF THE INTERIOR, NEIL KORNZE, in his capacity as Director, Bureau of Land Management, BUREAU OF LAND MANAGEMENT, | ) ) ) ) ) ) ) ) ) ) |
| *Defendants-Appellees,* | ) ) ) |
| STATE OF NORTH DAKOTA, STATE OF WYOMING, WYOMING MINING ASSOCIATION, | ) ) ) ) ) |
| *Intervenors-Appellees.* | ) ) |

No. 15-5294

## JOINT UNOPPOSED MOTION TO PLACE THIS MATTER IN ABEYANCE

The undersigned parties hereby request this Court to defer briefing and hold this appeal in abeyance pending the U.S. Bureau of Land Management's (BLM) issuance of a Programmatic Environmental Impact Statement (PEIS) for the federal

1

coal program. Fed. R. App. P. 2, 27; *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 389 (D.C. Cir. 2012) (explaining that the Court may "hold the case in abeyance pending resolution of [a] proposed rulemaking, subject to regular reports from [the agency] on its status"). Appellants have consulted with Appellees concerning their positions on this motion. Federal Defendants-Appellees join the motion. Intervenors State of North Dakota, State of Wyoming, and Wyoming Mining Association do not oppose this motion. In support of this motion, the undersigned parties state the following:

## Background

1. Appellants appeal the District Court's Memorandum Opinion and Order, each filed August 27, 2015, granting Federal Defendant[s'] Corrected Motion to Dismiss, denying as moot the State of Wyoming's Motion to Dismiss, denying as moot the State of North Dakota's Motion to Dismiss, denying as moot the Wyoming Mining Association's Motion to Dismiss, and dismissing the complaint.

2. The State of North Dakota, the State of Wyoming, and the Wyoming Mining Association intervened in the case below and have appeared as intervenors in this appeal in support of Appellees.

3. In their Complaint, Appellants sought an order declaring that Appellees are obligated by the National Environmental Policy Act (NEPA) to issue a supplemental PEIS for the federal coal program in light of new information related to climate change that has developed since the last PEIS was conducted for the program. Appellants sought an injunction ordering Appellees not to take any action with regard

2

to any new lease or modify an existing lease, unless and until Appellees comply with NEPA. Compl. at 65-66 (Nov. 24, 2014).

4. On January 15, 2016, Secretary Jewell directed the BLM "to prepare a discretionary [PEIS] that analyzes potential leasing and management reforms to the current Federal coal program." Secretarial Order No. 3338 (Jan. 15, 2016) at 1.[1] The Secretary identified a number of topics that the PEIS should address, including the effects of the program on climate. *Id.* at 7-8.

5. The Secretary also announced a "pause" on the issuance of most new leases and modifications of existing leases, with certain exclusions.

6. The PEIS process is expected to take approximately three years to complete. BLM, Fact Sheet: Modernizing the Federal Coal Program (Jan. 16, 2016).[2]

7. By order dated March 29, 2016, the Court established a briefing schedule for this matter. ECF No. 1606114.

8. On March 30, 2016, the Bureau of Land Management published a "Notice of Intent to Prepare a [PEIS] to Review the Federal Coal Program and to Conduct Public Scoping Meetings." 81 Fed. Reg. 17,720. The Notice "begins the

---

[1] http://www.blm.gov/style/medialib/blm/wo/Communications_Directorate/public_affairs/news_release_attachments.Par.4909.File.dat/FINAL%20SO%203338%20Coal.pdf.

[2] http://www.blm.gov/style/medialib/blm/wo/Communications_Directorate/public_affairs/news_release_attachments.Par.47489.File.dat/Coal%20Reform%20Fact%20Sheet%20Final.pdf.

process of defining the scope of the [PEIS] by providing background on the Federal coal program and identifying the issues that may be addressed in the [PEIS]." 81 Fed. Reg. at 17,720.

9. On April 22, 2016, Appellants filed an Unopposed Motion to Extend the Briefing Schedule, seeking to permit the parties to engage in discussions regarding management of this litigation in light of the foregoing. ECF No. 1610100. On April 26, 2016, ECF No. 1610575, the Court granted the motion and established the following briefing schedule:

| Document | Due Date | Word Limits |
|---|---|---|
| Appellants' Opening Brief | July 8, 2016 | 14,000 words total |
| Appellees' Brief | August 29, 2016 | 14,000 words total |
| Joint Brief for Appellee-Intervenors | September 26, 2016 | 8,750 words total |
| Appellants' Reply Brief | October 11, 2016 | 7,000 words total |
| Deferred Joint Appendix | October 17, 2016 | N/A |
| Final Briefs | October 24, 2016 | N/A |

**Relief Requested**

10. The Secretary's order that BLM prepare a "discretionary" PEIS for the federal coal program may obviate the need for briefing in this matter. Placing this matter in abeyance pending completion of the PEIS process would conserve the Court's and the parties' resources by avoiding potentially unnecessary briefing. The

4

undersigned parties therefore seek an order deferring briefing and placing this matter in abeyance pending completion of the PEIS process.

11. Within 60 days of BLM issuing a Final PEIS as outlined in the scoping notice, 81 Fed. Reg. at 17,725-27, Appellants will move to voluntarily dismiss this appeal. If for any reason BLM terminates the PEIS process without issuing a Final PEIS as outlined in the scoping notice, the parties will, within 60 days, confer and file a motion to govern future proceedings with the Court.

12. The undersigned parties further propose to file with the Court a joint status report every 12 months, with the first report to be filed 12 months after the matter is placed in abeyance.

**Conclusion**

For the foregoing reasons, the parties seek an order (1) placing this matter in abeyance and deferring briefing pending BLM's completion of the PEIS process for the federal coal program; (2) directing the parties to file a joint status report every 12 months, with the first report to be filed 12 months after the matter is placed in abeyance; and (3) directing the parties to file either a dismissal motion or a motion to govern further proceedings no later than 60 days after BLM issues the Final PEIS or terminates the PEIS process.

Respectfully submitted,

/s/ Nicholas A. DiMascio
Nicholas A. DiMascio
U.S. Department of Justice
Environment and Natural Res. Div.
Appellate Section
999 18th St., Suite 370
Denver, CO  80202
(303) 844-1384
nicholas.dimascio@usdoj.gov

/s/ Richard E. Ayres
Richard E. Ayres
Jessica L. Olson
AYRES LAW GROUP LLP
1707 L Street NW, Suite 850
Washington, DC 20036
T: (202) 452-9200 / F: (202) 872-7739
ayresr@ayreslawgroup.com
olsonj@ayreslawgroup.com

John Bernetich
AYRES LAW GROUP LLP
1536 Wynkoop Street, Suite 528
Denver, CO 80202
T: (720) 504-3002 / F: (202) 872-7739
bernetichj@ayreslawgroup.com
*Counsel for Appellants Western Organization of Resource Councils and Friends of the Earth*

Dated: June 6, 2016

# CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Joint Unopposed Motion to Place this Matter in Abeyance have been served through the Court's CM/ECF system on all registered counsel this 6th day of June, 2016.

/s/ John Bernetich
Counsel for Appellants